UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 11-50328 |
| | ) | Chapter 7 |
| VICKIE JOANN IRVINE-HEDRICK | ) | |
| dba Independent Mary Kay Consultant | ) | |
| SSN/ITIN xxx-xx-9735 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FORREST C. ALLRED, TRUSTEE | ) | Adv. No. 12-5006 |
| | ) | |
| Plaintiff. | ) | |
| -vs- | ) | |
| | ) | DECISION RE:  MOTION |
| A.A.R. IRVINE | ) | FOR SUMMARY JUDGMENT |
| and VICKIE B. IRVINE | ) | |
| | ) | |
| Defendants. | ) | |

The matter before the Court is Trustee-Plaintiff Forrest C. Allred's Motion for

Summary Judgment (doc. 23).  This is a core proceeding under 28 U.S.C. § 157(b)(2).

These findings and conclusions are entered pursuant to Fed.R.Bankr.P. 7052.  For the

reasons discussed below, the Court will enter an order granting the motion.

I.

In April 2010, Debtor Vickie JoAnn Irvine-Hedrick and her father, Defendant

A.A.R. Irvine ("Robert Irvine"), signed a purchase order for a 2008 Hyundai Santa Fe.[1]

Robert Irvine paid the $16,645.00 purchase price by personal check.[2]  The vehicle

was subsequently titled in the names of Debtor, Robert Irvine, and Defendant Vickie

B. Irvine, Debtor's mother and Robert Irvine's wife.  The county treasurer did not note

---

[1]A copy of the purchase order is attached as Exhibit "D" to Defendants'
statement of material facts in dispute (doc. 30-1).

[2]A copy of the check is attached as Exhibit "E" to Defendants' statement of
material facts in dispute (doc. 30-1).

any lien against the vehicle on the certificate of title.[3]

Contemporaneously with the purchase of the vehicle, Debtor and the Irvines entered into an untitled agreement, pursuant to which Debtor agreed to repay the Irvines for Robert Irvine's purchase of the vehicle within five years from the date of purchase.[4]   Debtor has made little progress toward repaying the Irvines:  She paid them $50.00 on February 12, 2011, $75.00 on April 19, 2011, $75.00 on May 8, 2011, and $100.00 on July 8, 2011.

On July 25, 2011, allegedly on the advice of her bankruptcy counsel, Debtor caused a lien in favor of the Irvines to be noted on the vehicle's certificate of title.[5] Eleven days later, Debtor filed a petition for relief under chapter 7 of the bankruptcy code.  Debtor listed the Irvines as secured creditors on her schedule D.

Trustee Forrest C. Allred ("Trustee Allred") commenced an adversary proceeding seeking "an order declaring the subject motor vehicle to be free and clear of any lien in favor of [the Irvines]" or, alternatively, "an order avoiding [as a preferential transfer] any transfer of any lien on the subject vehicle to [the Irvines]" (doc. 1).  Shortly before the scheduled trial, Trustee Allred filed a motion for summary judgment (doc. 23).[6] The Irvines resisted Trustee Allred's motion (doc. 30), and the matter was taken under

---

[3]A copy of the certificate of title is attached as Exhibit "A" to Trustee  Allred's statement of material facts not in dispute (doc. 23-1).

[4]A copy of the agreement is attached as Exhibit "C" to Trustee Allred's statement of material facts not in dispute (doc. 23-1).

[5]A copy of the certificate of title with the lien noted thereon is attached as Exhibit "B" to Trustee Allred's statement of material facts not in dispute (doc. 23-1).

[6]This was actually Trustee Allred's second such motion.  The Court denied without prejudice Trustee Allred's first motion for summary judgment (docs. 8 and 14).

advisement.

II.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a).  An issue of material fact is *genuine* if it has a real basis in the record.  *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein).  A genuine issue of fact is *material* if it might affect the outcome of the case.  *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion.  *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997).  Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult. *Cf. Amerinet, Inc. v. Xerox Corp.,* 972 F.2d 1483, 1490 (8th Cir. 1992) (citation omitted).

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion.  *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein *City of Mt. Pleasant, Iowa v. Associated Electric Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988)).  No defense to an insufficient showing is required.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

If the movant meets his burden, however, the nonmovant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial."  *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)).  The nonmovant must do more than show there is some

metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations.  *Bell*, 106 F.3d at 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)).

III.

In this case, the only admissible evidence in the record that might suggest the Irvines hold a lien against the vehicle is the notation added to the vehicle's certificate of title eleven days before Debtor filed her petition for relief.[7]  That alone does not suffice:

> No provision of S.D.C.L. chs. 32-3, 57A-1, or 57A-9 unequivocally states a security agreement covering a motor vehicle must exist separate from a lien notation on a certificate of title or on a title application. However, when the provisions of these chapters are considered conjunctively, as [Defendant] urged the Court to do, the Court concludes that is what the law requires.

*Allred v. Buttke* (*In re Buttke*), Bankr. No. 10-10263, Adv. No. 11-1015, 2012 WL 529241, at *3 (Bankr. D.S.D. Feb. 7, 2012).  There is no evidence of the requisite separate security agreement:  The untitled agreement between Debtor and the Irvines includes a description of the vehicle but does not expressly grant the Irvines a security interest in the vehicle or include any language from which the Court could reasonably infer the parties' intent to create or provide for such a security interest, *see* S.D.C.L. § 57A-9-102(a)(74) ("'Security agreement' means an agreement that creates or provides for a security interest."), and the Irvines have not identified any other

---

[7]If offered for the truth of the matter asserted, Debtor's statements–whether in her bankruptcy schedules or elsewhere–that the Irvines are secured creditors are hearsay and are not admissible.  Fed.Rs.Evid. 801(c) (defining hearsay) and 802 (excluding hearsay).

document that created or provided for such a security interest.    Under the

circumstances, the Court concludes the Irvines do not hold a lien against the vehicle.[8]

The Court will enter an appropriate order.

Dated:  November 15, 2012.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

**NOTICE OF ENTRY**
**Under Fed.R.Bankr.P. 9022(a)**

**This order/judgment was entered**
**on the date shown above.**

**Frederick M. Entwistle**
**Clerk, U.S. Bankruptcy Court**
**District of South Dakota**

---

[8]The Court does not reach the question of whether and to what extent the Irvines have an ownership interest in the vehicle.  Trustee Allred argues they do not. The record as it now stands strongly suggests they do.  *See, e.g., In re Tomelyn L. Taylor*, Bankr. No. 05-10120, slip op. (Bankr. D.S.D. Oct. 27, 2005) (discussing impact of unequal contribution by co-owners of a vehicle), and *In re Dale D. Riedlinger and Sandra M. Riedlinger*, Bankr. No. 06-40238, oral decision (Bankr. D.S.D. April 9, 2007) (legal ownership of a vehicle does not pass unless and until title to it is issued in the owner's name).  Be that as it may, Trustee Allred did not request such a determination in his complaint, so the issue is not before the Court at this time.